ROBERT A. ALTSCHULER AND ARTHUR L. ROBINSON, PROSECUTORS, v. NEWTON H. PORTER, CIRCUIT COURT JUDGE; EMIL A. C. KEPPLER AND MAX H. KEPPLER, PARTNERS, TRADING AS KEPPLER & COMPANY, AND CLARENCE MABIE, RESPONDENTS.

Decided November 24, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Rex B. Altschuler*.

For the respondents, *Sidney W. Eldridge*.

PER CURIAM.

This matter comes before us by writ of *certiorari*, to review the legal propriety of an order made by Newton H. Porter, the Circuit Court judge, holding the Circuit in Bergen county, in an attachment proceeding instituted in said Circuit, by Robert Altschuler, plaintiff, *v.* Charles W. Owen, defendant, setting aside an order previously made by the Circuit Court appointing an auditor in said attachment proceeding. The facts are fully set forth in the opinion of Judge Porter. We concur in his views as stated by him in the opinion. The opinion is as follows:

"The facts which were stipulated by counsel on this motion· are, in part, as follows:

"(1) Keppler & Company brought an attachment suit against Charles W. Owen, an absconding and non-resident debtor, on August 3d, 1926, for $58,840.88. A writ was delivered to the sheriff of Bergen county on August 4th, 1926, returnable August 23d, 1926, whereupon he levied on certain residence property and contents. This writ was returned to the clerk of the Supreme Court by the sheriff on August 13th, 1926.

"(2) On August 10th, 1926, an attachment suit was brought in the Bergen County Circuit Court against said Owen by Robert A. Altschuler for $5,512.50, and a writ of attachment issued on that date returnable on September 14th, 1926. Said writ was delivered to the sheriff on August 10th, 1926, and he levied on that date on twenty shares of stock

of United Bond and Mortgage Company, and a certificate of membership in the Hackensack Golf Club, all standing in the name of the said defendant.

"(3) An auditor was appointed by the Supreme Court on August 26th, 1926, and an auditor was appointed by the Circuit Court on September 14th, 1926.

"(4) On August 26th, 1926, an alias writ of attachment was issued out of the Supreme Court in the Keppler suit aforesaid directed to the sheriff of Bergen county, who thereunder, on August 31st, 1926, levied upon the twenty shares of stock of United Bond and Mortgage Company, and the certificate of membership in Hackensack Golf Club aforesaid.

"(5) On September 18th, 1926, a pluries writ of attachment was issued out of the Supreme Court in the Keppler suit aforesaid, directed to the sheriff of Bergen county, who thereunder on October 8th, 1926, levied upon the twenty shares of stock of United Bond and Mortgage Company, and the certificate of membership in Hackensack Golf Club aforesaid.

"It seems settled under the decisions of this state that more than one writ of attachment may issue out of the same court against the same defendant at the suit of different plaintiffs, but that but one such suit be permitted to go to judgment and but one auditor shall be appointed.

"The legislative intent was to conserve the property of an absent or absconding debtor for the benefit of the attaching and applying creditors, to take the property into the custody of the laws and to administer it for that purpose. *Harris* v. *Linnard,* 9 *N. J. L.* 58; *Cummins* v. *Blair,* 18 *Id.* 151; *Brundred* v. *Del Hoyo,* 20 *Id.* 328; *Brown* v. *Bissett,* 21 *Id.* 46; *Duffin* v. *Wolf, Ibid.* 475; *Woodward* v. *Lishman,* 80 *Id.* 586.

"The case at bar, however, is distinguishable from all of the above cited cases in that the writs were not issued out of the same court and the property levied on was not the same. No case is cited which covers this situation. Nor have I found any. In principle, however, I see no difference. The writ in the Supreme Court suit was issued and executed prior to the

Circuit Court writ and is therefore the senior writ and should take precedence. This is so notwithstanding the fact that different property was levied on under the original writs.

"The auditor appointed by the Supreme Court in the Keppler suit should administer all of the property levied on for the benefit of the plaintiff in that suit and applying creditors thereunder as provided by statute.

"The appointment of the auditor in the Altschuler Circuit Court suit should be set aside.

"An order will be signed in accordance with these views."

For the reasons stated in the opinion, the *certiorari* is dismissed, with costs.